UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DEANTE MONETTE,**

    **Plaintiff,**

    v.                                             Case No. 15-CV-957

**JUDGE MICHAEL J. PIONTEK,**
**MARTIN TANZ, and NOAH WISHAU,**

    **Defendants.**

---

## SCREENING ORDER

The pro se plaintiff is a Wisconsin state prisoner. He filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $56.94.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer

v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff sues Racine County Circuit Court Judge Michael J. Piontek, Attorney Martin Tanz, and District Attorney Noah Wishau. He alleges that the defendants denied him his right to a speedy trial in his Racine County criminal case. Specifically, the plaintiff alleges that on January 13, 2015, Judge Piontek granted his request for a speedy trial and scheduled the trial for April 8, 2015. On the scheduled day of trial, Judge Piontek adjourned it because he had another trial scheduled for that day. The plaintiff's attorney, defendant Tanz, asked if the plaintiff would be released from custody due to the delay, but Judge Piontek said no. The trial was rescheduled for July 8, 2015. At a hearing on June 12, 2015, Judge Piontek released the plaintiff. The plaintiff claims that he was unlawfully confined for 64 days beyond his original trial date.

The plaintiff claims that Judge Piontek violated his constitutional right to a speedy trial. He claims that Attorney Tanz violated a Wisconsin rule of professional responsibility relating to competence when he failed to secure the plaintiff's earlier release. The plaintiff further claims that District Attorney Wishau's statements during the April 8th hearing contributed to the speedy-trial violation. For relief, the plaintiff seeks dismissal of his "cases" (presumably state criminal cases), and he also seeks monetary damages.

As an initial matter, Judge Piontek has absolute judicial immunity for any judicial actions, unless he acted in the absence of all jurisdiction. See Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). There is no indication that Judge Piontek did not have

2

jurisdiction over the plaintiff and, therefore, he has absolute immunity for his judicial actions. Likewise, District Attorney Wishau has prosecutorial immunity when performing duties in the judicial process. See id. (citing Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976)); Figueroa v. United States, 596 F. App'x 513, 514–15 (7th Cir. 2015) (affirming dismissal of speedy-trial claim for damages against prosecutor on absolute-immunity grounds). Moreover, plaintiff's attorney in his criminal case, Attorney Tanz, is not a state actor subject to suit under § 1983. See Tower v. Glover, 467 U.S. 914, 920 (1984); Polk County v. Dodson, 454 U.S. 312, 318 (1981). Even if Attorney Tanz were subject to suit under § 1983, the plaintiff does not allege that Tanz violated his rights under federal law. Therefore, the plaintiff's complaint will be dismissed. See 28 U.S.C. § 1915A(b)(1) & (2).

The complaint does not reveal the current status of the plaintiff's criminal case or cases. But because the plaintiff requests that his "cases" be dismissed, presumably they are still pending. It is possible that the plaintiff can raise the alleged speedy-trial violation as an issue in the criminal case. I also note that if a state criminal case is still pending or has resulted in the plaintiff's conviction, it is likely that he cannot now seek relief under § 1983. If his criminal case is still pending, I would likely be required to abstain from exercising jurisdiction over the § 1983 claim under the doctrine of Younger v. Harris, 401 U.S. 37 (1971), which prevents federal courts from exercising jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). And if the criminal case has resulted in the plaintiff's conviction, then his § 1983 claim would be barred by the doctrine of Heck v. Humphrey, 512 U.S. 447 (1994), which bars § 1983 suits when success on the claim would imply the invalidity of a state conviction. The Seventh Circuit has recognized that success on a

3

federal speedy-trial claim would necessarily imply that the state conviction was invalid, and that therefore speedy-trial claims are barred by Heck. Figueroa, 596 F. App'x at 514–15.[1]

All of this discussion of the plaintiff's criminal cases is just an aside. I am not dismissing this case on Younger or Heck grounds, but because Judge Piontek and District Attorney Wishau are immune from suit, and because the plaintiff has not stated a claim for relief against Tanz.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $293.06 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

---

[1]If the plaintiff has been convicted and if he has exhausted his direct appeal rights, then he may be able to raise the speedy-trial violation in a federal habeas petition under 28 U.S.C. § 2254. If the plaintiff determines that he would like to seek relief under § 2254, nothing in this opinion should be construed as prohibiting him from doing so. I am not making any determination of the merits of a habeas petition, or offering any opinion as to whether the plaintiff should file a habeas petition. See Glaus v. Anderson, 408 F.3d 382, 389 (7th Cir. 2005).

4

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2015.

                                           s/ Lynn Adelman
                                           _____
                                           LYNN ADELMAN
                                           District Judge

5

Case 2:15-cv-00957-LA   Filed 11/19/15   Page 5 of 5   Document 9